IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTA FE PUBLIC SCHOOL BOARD OF EDUCATION,

        Respondent-Appellant,

                                              Case No. 24-cv-379 MV/JMR

vs.

JOHN DI RUGGIERO and
JULIA MOREY-DI RUGGIERO,
    Parents, for G.D., Student (a minor)

        Petitioners-Appellees.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Respondent-Appellant Santa Fe Public Schools Board of Education's ("SFPS") Motion to Stay [Doc. 6]. The Court, having considered the Motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

**BACKGROUND**

G.D., a 16-year-old, has "an identified exceptionality of specific learning disability particularly in the areas of reading and math with [] dyslexia." Doc. 4 ¶ 5. "As a student with a specific learning disability, G.D. requires specialized instruction by a certified special education teacher or an individual operating under a provisional license issued by the New Mexico Public Education Department [("NMPED")]." *Id.* ¶ 9. G.D. is currently enrolled at Mandela International Magnet School ("Mandela"), which is a "school of choice" within SFPS and offers an International Baccalaureate ("IB") program. G.D. transferred into Mandela during her ninth-grade school year and will be a tenth grader there when school resumes in August 2024. *Id.* ¶¶ 7, 10.

1

On or about October 27, 2023, G.D.'s parents, John DiRuggiero and Julia Morey-DiRuggiero (the "Parents"), filed "a special education due process hearing complaint" with the NMPED, alleging ongoing violations of G.D.'s rights as a student with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., namely her right to a free appropriate public education ("FAPE"). *Id.* ¶ 14. The NMPED assigned a Due Process Hearing Officer ("Hearing Officer") to conduct a due process hearing on the Parents' Complaint. *Id.* ¶ 15. The Hearing Officer held a hearing in Santa Fe in January 2024 over the course of four days, and issued a final decision (the "Decision") on March 20, 2024. *Id.* ¶¶ 15-16.

In the Decision, the Hearing Officer determined that SFPS violated G.D.'s right to a FAPE, both at Mandela and at schools that she had attended previously, and that G.D.'s parents had acted properly in unilaterally enrolling G.D. at the private "M. School." Doc. 1-1 at 69. Relevant here, the Hearing Officer ordered that: (1) SFPS reimburse G.D.'s parents for her attendance at the M. School, which the Hearing Officer described as "a subsequent type of placement, in essence, making up for past lost educational opportunities"; (2) Mandela begin "a structured literacy program" that includes "one-on-one direct structured reading in a small group setting . . . one hour a day each school day"; and (3) "30 hours of compensatory one-on-one direct structured literary reading in a small group setting." *Id.* at 69-72.

SFPS commenced the instant action, seeking judicial review of the rulings adverse to it in the Decision. Doc. 4. Shortly thereafter, on April 30, 2024, SFPS filed the instant Motion to Stay, asking the Court to stay the Decision "and to hold in abeyance the implementation of that portion of" the Decision that "requires reimbursement to the parent[s] as well as the provision of one-to-one reading instruction." Doc. 6 at 2-3. The Parents object to the requested stay. Doc. 10.

**DISCUSSION**

SFPS argues that a stay is necessary because accommodating the instruction required by the Decision would "fundamentally alter" Mandela's "course of study and would put Mandela "at risk of loss of the IB status." Doc. 6 at 2. In support of its motion, SFPS does nothing more than raise the specter of this dire result. Indeed, SFPS's bare-bones, two-page motion is devoid of factual or legal support and, in failing to cite authority to support its position, runs afoul of the Local Rules. D.N.M. L-R 7.3(a) (stating that a motion "must cite authority in support of the legal positions advanced"). Even in the face of a detailed response in opposition from the Parents, which includes citations to the record and relevant legal authority, SFPS filed only a two-page reply, again speaking only in general, broad terms about the harm that implementing the Decision would cause, without citing any facts or law in support. If, as SFPS argues, the result of the Decision would sound the death knell for Mandela, the startlingly insufficient briefing on the instant motion is particularly troubling.

As the Parents accurately assert in their response, the IDEA contains a "stay put" provision, which states in relevant part that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement." *Bd. of Educ. of Albuquerque Pub. Schs. v. Miller*, No. 05-CIV-487, 2005 WL 6168485, at *4 (D.N.M. July 22, 2005) (citing 20 U.S.C. § 1415(j)). Relevant here, "an administrative decision in favor of the parents is equivalent to an agreement between the state agency and the parents and, therefore, represents the child's current education placement for purposes of the IDEA's 'stay put' provision." *Id.* (citing 34 C.F.R. § 300.514(c)). Accordingly, the IDEA "requires a school to provide the remedy ordered by the [Hearing Officer] during the pendency of any appeal by the

school district." *Bd. of Educ. of Albuquerque Pub. Schs. v. Maez*, No. 16-CIV-1082, 2017 WL 3610546, at *3 (D.N.M. Jan. 18, 2017). "The 'stay put' provision of the IDEA acts, in essence, as an automatic preliminary injunction reflecting Congress's conclusion that a child with a disability is best served by maintaining her education status quo until the disagreement over her IEP is resolved." *Id.* (citation omitted).

According to the Parents, the Hearing Officer agreed with them on the need for specialized reading instruction to address G.D.'s dyslexia, and the remedies ordered in the Decision, namely the reading instruction requirements and the reimbursement for G.D.'s private school tuition, represent G.D.'s education placement for purposes of the IDEA's 'stay put' provision. Doc. 10 at 6. SFPS fails to address the issue of the "stay put" provision and/or whether the remedies that SFPS seeks to stay constitute an education placement for purposes of this provision. In the absence of any argument to the contrary, it appears that both the remedies of one-on-one direct structured literary reading and reimbursement for the M. School constitute G.D.'s current education placement for purposes of the "stay put" provision of the IDEA.

Some courts, including another court in this district, have held that "the 'stay put' provision was never intended to eliminate the function of traditional injunctive relief," and that a school district may seek a preliminary injunction modifying or delaying the "stay put" provision. *Maez*, 2017 WL 3610546, at *3. A school district seeking such a preliminary injunction "bears the burden of demonstrating entitlement to such relief under the standards generally governing requests for preliminary injunctive relief." *Id.* On a school district's motion for a preliminary injunction, the Court asks not whether the "stay put" provision applies, but rather whether the school district has demonstrated that four enumerated factors weigh in favor of modification or delay of the education placement ordered by the Hearing Officer. *Id.* at *4. Those factors are: (1)

4

"that [the school district] is substantially likely to succeed on the merits"; (2) "that [the school district will] suffer irreparable injury if the court denies the injunction"; (3) "that [the] threatened injury (without the injunction) outweighs the [student's threatened injury] under the injunction"; and (4) "that the injunction is not adverse to the public interest." *Id. Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (citation omitted). "[B]ecause a preliminary injunction is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal." *Id.* (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (internal quotation marks omitted)). Notably, the movant "must" satisfy its burden as to each element; the elements "do not establish a balancing test – each must be satisfied independently, and the strength of one cannot compensate for the weakness of another." *Peterson v. Kunkel*, 492 F. Supp. 3d 1183, 1192 (D.N.M. 2020) (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F. 3d 1276, 1282 (10th Cir. 2016)).

      Here, SFPS has failed to articulate the standard applicable to what amounts to its request for a preliminary injunction, much less demonstrate its clear and unequivocal right to relief under this standard. Although the Parents identify the relevant four factor-test in their response and note that SFPS has failed to demonstrate its right to injunctive relief thereunder, SFPS does not even attempt in its reply to demonstrate that it is likely to succeed on the merits, that the threatened injury without the injunction outweighs any threatened injury to G.D., or that the injunction is not adverse to the public interest. Rather, in its reply, SFPS does no more than state in conclusory fashion that, in issuing a "stay," "the Court can ensure that it is preventing irreparable harm, . . . particularly [to] those families and students who selected the [IB] program because of its rigorous requirements and benefits from graduating from such a program." Doc. 14 at 2-3. Again, while the Court naturally is concerned about the potential harm to Mandela and

its students, SFPS has utterly failed to meet its burden of demonstrating how or why this Court should modify or delay implementation of the remedies ordered in the Decision.

## CONCLUSION

SFPS has failed to demonstrate that the remedies ordered in the Hearing Officer's March 20, 2024 Decision are not subject to the IDEA's "stay put" provision, or that SFPS is entitled to preliminary injunctive relief delaying or modifying implementation of those remedies. Accordingly, SFPS is not entitled to an order staying or enjoining implementation of any of the remedies ordered in the Decision.

IT IS THEREFORE ORDERED that Respondent-Appellant Santa Fe Public Schools Board of Education's Motion to Stay [Doc. 6] is **DENIED**.

DATED this 24th day of June 2024.

_____
MARTHA VAZQUEZ
Senior United States District Judge